# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY DRAKE, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) |
| v. | ) Case No. CIV-17-1012-F |
| | ) |
| PREFERRED CREDIT, | ) |
| Defendants. | ) **COMPLAINT AND** |
| | ) **JURY DEMAND** |
| | ) |
| | ) |

Plaintiff GREGORY DRAKE as and for his Complaint respectfully alleges:

## I.     INTRODUCTION

1. This is a civil action by Plaintiff GREGORY DRAKE, an individual consumer, seeking actual, statutory and punitive money damages against Defendant PREFERRED CREDIT for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA").

## II.     JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendant transact business in Yukon, Canadian County, Oklahoma, and the conduct complained of occurred in Yukon, Canadian County, Oklahoma.

### III. PARTIES

3. Plaintiff, GREGORY DRAKE, is a natural person residing in Yukon, Canadian County, Oklahoma. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

4. Upon information and belief, Defendant PREFERRED CREDIT is a Minnesota entity with its principal place of business located at 628 Roosevelt Rd, Saint Cloud, MN 56301.

7. Defendant PREFERRED CREDIT are "furnishers of information" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2.

8. Defendant PREFERRED CREDIT are furnishers of information to Trans Union, Equifax and Experian, "consumer reporting [agencies] that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

### IV. FACTS OF THE COMPLAINT

9. On or about April 29, 2017, Plaintiff applied for and was denied a residential mortgage loan and, thereafter, obtained a copy of his consumer report and discovered incomplete and inaccurate and false information furnished by Defendant.

10. Defendant PREFERRED CREDIT furnished a trade line with a credit limit of $3,071 with account number 17374.

13. The trade line information furnished by Defendant to consumer reporting agencies on Plaintiff's consumer report is false, inaccurate and unverifiable.

14. On April 30, 2017, Plaintiff mailed a letter to Trans Union LLC ("TransUnion"), Equifax Information Services LLC ("Equifax") and Experian Information

Solutions, LLC ("Experian") to dispute the accuracy and the completeness of the information furnished by Defendant pursuant to 15 U.S.C. § 1681i(a). Plaintiff received re-investigation results where Defendant failed to notate that the information was being disputed pursuant to 15 U.S.C. § 1681s-2(b)(1).

15. Upon information and belief, Trans Union, Equifax and Experian sent a dispute communicating to Defendants providing all relevant disputed information.

16. Upon information and belief, Defendants verified to TransUnion, Equifax and Experian but failed to notate the disputed trade line as disputed.

17. On or about June 29, 2017, Plaintiff received re-investigation results from TransUnion and Defendant failed to notate that the information was disputed.

18. On or about July 31, 2017 Plaintiff received re-investigation results from TransUnion and Defendant failed to notate that the information was disputed.

19. On or about August 1, 2017 Plaintiff received re-investigation results from Equifax and Defendant failed to notate that the information was disputed.

20. On or about September 2, 2017 Plaintiff received re-investigation results from TransUnion and Defendant failed to notate that the information was disputed.

21. As a result of the actions and inactions of defendants, Plaintiff suffered damages, including *but not limited to*, mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate.

## V. FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681s-2(b)(1)(A)

22. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 21 above.

23. Defendant has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed to notate the information as disputed after being contacted by the Consumer Reporting Agencies.

24. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

25. Defendant's conduct was negligent and/or willful.

26. Plaintiff is entitled to actual damages, punitive damages, attorney's fees and litigation costs for Defendants' willful acts pursuant to 15 U.S.C. § 1681n.

27. Alternatively, Plaintiff is entitled to actual damages, and litigation costs if Defendants' violations are negligent, pursuant to 15 U.S.C. §1681o.

## VI. SECOND CLAIM FOR RELIEF
## 15 U.S.C. §1681s-2(b)(1)(B)

28. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 27 above.

29. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to consider all relevant information forwarded to them by the consumer reporting agencies, including Equifax, Experian and TransUnion, and to notate the disputed information as disputed to Equifax and TransUnion.

30. Defendant caused injury in fact, by causing, among other things, mental and emotional distress, damage to Plaintiff's credit reputation and rating, and other injuries and damages to Plaintiff.

31. Defendant's conduct was negligent and/or willful.

32. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant 15 U.S.C. § 1681n.

33. Alternatively, Plaintiff is entitled to actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### VII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(C)

34. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 33 above.

35. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the notation of the disputed information to the consumer reporting agencies.

36. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

37. Defendant's conduct was negligent and/or willful.

38. Plaintiff is entitled to recover actual damages, punitive damages, attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

39. Alternatively, Plaintiff is entitled to actual damages, costs, and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### VIII. FOURTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(D)

40. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 39 above.

41. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report to the consumer reporting agencies that the information was being disputed.

42. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

43. Defendant's conduct was negligent and/or willful.

44. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees pursuant 15 U.S.C. § 1681n.

45. Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### IX. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(E)

46. Plaintiff re-alleges, and incorporates by reference, paragraphs one through 45 above.

47. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to have a procedure to modify the information in their system and report the disputed information with consumer reporting agencies.

48. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

49. Defendant's conduct was negligent and/or willful.

50.     Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees pursuant 15 U.S.C. § 1681n.

51.     Alternatively, Plaintiff is entitled to recover actual damages, costs and attorney's fees if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### IX.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff GREGORY DRAKE respectfully demands a jury trial and entry of judgment in favor of Plaintiff and against Defendant for:

A.   Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B.   Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C.   Cost and attorney's fees pursuant to 15 USC § 1681n(a)(3) and 15 U.S.C § 1681o(b);

D.   For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: September 20, 2017

By: s/ Tiffany Hill
Tiffany Hill, Esq. (OBA# 31332)
1415 NW 43rd St
Oklahoma City, OK 73118
Tel.: (405) 216-3126
Email: tiffany@thlegalconsulting.com
*ATTORNEY FOR PLAINTIFF*